NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  VOIP-PAL.COM, INC.,**
*Petitioner*

---

2021-112

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in Nos. 5:20-cv-02460-LHK, 5:20-cv-02995-LHK, and 5:20-cv-03092-LHK, Judge Lucy H. Koh.

---

**ON PETITION**

---

Before NEWMAN, MOORE, and STOLL, *Circuit Judges*.

MOORE, *Circuit Judge*.

## O R D E R

VoIP-Pal.com, Inc. petitions this court for a writ of mandamus directing the United States District Court for the Northern District of California to vacate its order denying VoIP-Pal's motion to dismiss this declaratory judgment action.  VoIP-Pal contends that granting its motion was required under the first-to-file rule.  Because we conclude that the court did not clearly abuse its discretion in declining to apply that rule here, we deny the petition.

## I.

VoIP-Pal is the owner of several patents relating to a system for routing communications over Internet Protocol, including U.S. Patent Nos. 10,218,606 ("the '606 patent"); 8,542,815 ("the '815 patent"); 9,179,005 ("the '005 patent"); 9,537,762 ("the '762 patent"); 9,813,330 ("the '330 patent"); 9,826,002 ("the '002 patent"); 9,948,549 ("the '549 patent"); and 9,935,872 ("the '872 patent").

This petition arises out of complaints filed by Respondents Apple Inc., AT&T Corp. (and other related AT&T entities), and Verizon Wireless in the Northern District of California seeking a declaratory judgment that the '606 patent is invalid and not infringed. Apple's complaint also seeks a declaratory judgment of non-infringement and invalidity of the '872 patent. Apple filed its operative complaint on April 14, 2020, and AT&T and Verizon filed their complaints on April 30th and May 5th, respectively.

These cases are not the first in Northern California between the parties concerning VoIP-Pal's patents. In 2016, VoIP-Pal sued Respondents alleging infringement of the '815 and '005 patents. The same trial court judge assigned to the present cases issued a lengthy decision finding the asserted claims were unpatentable under 35 U.S.C. § 101, which was ultimately affirmed. In 2018, VoIP-Pal sued Apple and Amazon, Inc. asserting infringement of the '762, '330, '002, and '549 patents. The same trial judge again issued a lengthy decision concluding that the claims were unpatentable, which also was affirmed.

Nor are these cases the only ones currently pending between the parties involving the '606 patent. Shortly after this court's affirmances in those prior litigations and shortly before Respondents filed the instant declaratory judgment actions in California, VoIP-Pal filed suit against Apple, AT&T, Verizon, Amazon, Facebook, and Google in the United States District Court for the Western District of Texas for infringement of the '606 patent. Those

proceedings are currently stayed, and Facebook, Google, and Amazon have filed pending motions to transfer venue to the Northern District of California.

VoIP-Pal moved the Northern District of California to decline jurisdiction over the cases citing the first-to-file rule.  On December 11, 2020, the court denied the motion.  The court recognized that a first-filed infringement suit is ordinarily favored over an identical or substantially over-lapping second filed, declaratory judgment action.  How-ever, the court concluded an exception was warranted here based on fairness and efficiency grounds, citing among other things, its handling of the prior litigation between the parties.  VoIP-Pal then filed this petition.

## II.

The question of whether to decline jurisdiction over a declaratory judgment action under the first-to-file rule is governed by Federal Circuit law.  *See Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005).  Our precedent on this issue makes clear that the rule is not ab-solute, and exceptions may be made if justified by "consid-erations of judicial and litigant economy, and the just and effective disposition of disputes." *Id.* at 1347 (citation and internal quotation marks omitted).  Application of the rule is ultimately committed to the district court's discretion. *See Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).  And on mandamus, we review only for "a clear abuse of discretion." *In re Shared Memory Graphics LLC*, 659 F.3d 1336, 1339 (Fed. Cir. 2011).

We see no error that is mandamus-worthy in the court's analysis.  To be sure, the mere fact that a district court previously adjudicated a matter that involved the same parties or a related patent may not, standing alone, justify an exception to the first-to-file rule.  But here, the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the North-ern District of California's familiarity with the overlapping

issues is particularly well supported.  First, the patents in the current cases and prior cases all share a common specification, title, parent application, and inventors.  Second, the instant cases and prior cases involve similar technology and accused products.  And third, the district court previously wrote a total of 113 pages on the validity of the patents, suggesting the court has considerable familiarity with overlapping validity issues in these cases.

These efficiency grounds also do not stand alone.  The court reasonably expressed its concern that the lack of any obvious connection between the Western District of Texas and VoIP-Pal or the lawsuits suggested to it "that Defendant may be forum shopping, attempting to avoid this Court's unfavorable decisions by filing in another district."[*] The district court's ruling also poses no clear and obvious risk of inconsistent judgments or waste of party and judicial resources.  These cases were filed within days of the cases that were filed in the Western District of Texas.  The Western District of Texas has stayed proceedings.  And, as far as we have been informed, there is no indication that the Western District of Texas intends to proceed in parallel with the California actions.  On this record, we cannot say that the district court clearly abused its discretion.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

---

[*] VoIP-Pal contends that the district court has made statements demonstrating bias towards its claims.  We, however, cannot say that VoIP-Pal has fairly characterized those statements or that there is any basis here to suggest that the court has prejudged the issues.

IN RE: VOIP-PAL.COM, INC.                                               5

FOR THE COURT

February 19, 2021          /s/ Peter R. Marksteiner
        Date                Peter R. Marksteiner
                            Clerk of Court

s25